UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HENRY LABALME | : | CIVIL ACTION NO.: |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| OASIS CHARGER CORPORATION (DBA "JUICE BAR EV"); PAUL VOSPER; JEFFREY MAYER; and IRENE MOSER | : : : | |
|     Defendants | : | AUGUST 20, 2020 |

## COMPLAINT

### INTRODUCTION

1. This is an action for money damages, liquidated damages, costs, attorneys' fees and other relief as a result of Defendants' failure to pay compensation to Plaintiff, in violation of federal and state wage and hour laws.

2. Plaintiff brings this as an individual action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (hereinafter "the FLSA"). This is also an action for wage and hour violations of the Connecticut Minimum Wage Act, 31-58 et seq. (hereinafter "the CMWA"). Plaintiff further alleges claims for breach of contract.

### PARTIES

3. Plaintiff, Henry Labalme ("Plaintiff"), is an individual who at all times relevant to this Complaint has resided in West Cornwall, Connecticut. At all times relevant to this Complaint, Plaintiff was employed by Defendant Oasis Charger Corporation, which company does business as "Juice Bar EV."

4. Defendant, Oasis Charger Corporation ("Oasis") is a Delaware Corporation with its principal place of business located at 111 Roberts Street, Suite C, East Hartford, CT 06108. Defendant's business is engaged in interstate commerce.

5. Defendant Paul Vosper ("Vosper") is an individual currently residing at 11 Woodside Lane, Westport, CT 06880. At all relevant times, Vosper was President and CEO of Oasis. Plaintiff met with and was interviewed by Vosper before he was hired to work at Oasis. Vosper gave directions to Plaintiff directly, as well as indirectly through Plaintiff's direct supervisor. As CEO, Vosper also had responsibility for collaborating with the Board regarding the criteria on which Plaintiff would be paid his bonus and stock options, as set forth in Plaintiff's offer letter.

6. Defendant Jeffrey Mayer ("Mayer") is an individual currently residing at 88 Patrick Road, Westport, CT 06880. At all relevant times, Mayer was Chairman of Oasis. Mayer interacted with Plaintiff concerning his work responsibilities on conference calls and team calls, and also gave Plaintiff directions regarding at least one potential sales opportunity.

7. Defendant Irene Moser ("Moser") is an individual residing in Connecticut. At all relevant times, Moser was employed as a Manager by Defendant Oasis. Moser was involved in many human resources functions for Oasis. She signed Plaintiff's offer letter on behalf of Oasis which had information regarding Plaintiff's rate of pay and wages and benefits. She subsequently notified Plaintiff that his employment was being terminated. She made decisions about whether workers would be recruited and hired as employees or independent contractors.

8. Defendants Vosper, Mayer, and Moser controlled the finances of Oasis and made decisions about what amounts the company would pay, or not pay, including payments to employees and independent contractors

9. During Plaintiff's employment, Defendants Vosper, Mayer, and Moser were "employers" within the meaning of the CMWA and the FLSA because they controlled Plaintiff's work conditions and were responsible for wage violations alleged herein.

## JURISDICTION

10. The United States District Court for the District of Connecticut has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because it raises questions under the FLSA. Jurisdiction over Plaintiff's state law claims are conferred by 28 U.S.C. § 1367.

## FACTUAL BACKGROUND

11. Plaintiff commenced his full-time employment with Defendant Oasis on January 7, 2019. Plaintiff's employment was governed and controlled by a contract between Plaintiff and Oasis dated January 4, 2019 (hereinafter "the Contract"), which was duly executed by the parties. Defendant Moser signed the Contract on behalf of Oasis.

12. Pursuant to the Contract, Plaintiff was employed on a full-time basis in the position of "Director, Northeast Region," reporting to Oasis' Vice President of Sales.

13. Pursuant to the Section 1.A. of the Contract, Plaintiff's starting salary was set at $120,000 per year. Additionally, Section 1.D. of the Contract provided that Plaintiff would receive a $4500.00 signing bonus to defray costs of private health insurance premiums until Plaintiff became eligible for the Oasis health insurance program following 90 days of employment, the payment of which would be made "in [Plaintiff's] first pay period. Additionally, Section 1.C. of the Contract states that Plaintiff "will also be entitled to stock options based on criteria established by the Board in collaboration with the CEO." Lastly,

Section 1.E. of the Contract states that Plaintiff "will be reimbursed for reasonable business expenses" and, additionally, "will receive $50 per month for cell phone data reimbursement."

14. Plaintiff is an "employee" of Defendants within the meaning of the Fair Labor Standards Act and the Connecticut Minimum Wage Act.

15. After entering into the Contract with Defendant Oasis, and in consideration and reliance upon the contractual promises and obligations of Oasis as set forth in the Contract, Plaintiff commenced his employment with Oasis on Monday, January 7, 2019.

16. Defendants did not pay Plaintiff any wages or compensation of any kind for the work he performed during his first and second week of employment in January 2019. Defendants did not even pay Plaintiff the minimum wage.

17. On Friday January 18, 2019, at the end of his second week of employment, Plaintiff was informed that "due to delays" in obtaining additional investment capital, Defendants would be paying him on a "commission only" basis going forward if he chose to remain with the company, with commissions set at 15% of Plaintiff's gross sales. Defendant Vosper had communications directly with Plaintiff about this issue. Defendant Vosper told Plaintiff that once new investment capital was secured, he hoped to make whole Plaintiff's compensation for the period during which salary was suspended.

18. Over the course of the next 8 weeks, Plaintiff continued to work and travel extensively for Oasis on a full-time basis, but no sales were made due to the "start-up" nature of the business, the multi-month sales cycle associated with the company's product and that Plaintiff spent the bulk of his time performing strategic planning and managerial tasks that, while supportive of the sales organization, did not generate short-term sales. The majority of the Plaintiff's working hours during this period were dedicated to organizing and executing a sales

strategy focused on submitting dozens of applications on behalf of prospective customers into a grant program administered by Massachusetts Department of Environmental Protection that would cover almost all of the cost of Oasis EV charging stations, the company's principal product. The application deadline for the DEP grant program was March 18, 2019.

19. After January 18, 2019, Defendants continued to not pay Plaintiff any compensation or wages for the work he performed. Defendants did not even pay Plaintiff the minimum wage.

20. Plaintiff made a number of attempts to communicate with Defendant Vosper regarding his compensation, but Defendants deferred, delayed, and avoided providing a meaningful response to his efforts.

21. Defendant Moser terminated Plaintiff's employment in a phone call on March 20, 2019, two days after the sales team, led in large part by the Plaintiff, submitted the company's grant applications to MA DEP

22. Plaintiff was employed by Defendant Oasis for a total of 10 weeks and 2 days. During that period Plaintiff received no wages, salary, or other compensation in consideration of his full-time employment. Defendant Oasis further failed to pay Plaintiff his $4500.00 hiring bonus and never provided him with any stock options.

23. Additionally, since January of 2019 through March 20, 2019, Plaintiff incurred approximately $1500.00 in business related expenses for which Defendants have failed to compensate Plaintiff. Defendants have further failed to provide Plaintiff with the $50 per month cell phone payment.

**COUNT ONE:        BREACH OF CONTRACT (as against Defendant Oasis)**

24. Based on the foregoing, Defendants breached the Contract in one or more of the following ways:

    a. By failing to pay Plaintiff his annual salary at the rate of $120,000 in consideration of Plaintiff's full-time employment as Director, Northeast Region.

    b. By failing to pay Plaintiff his hiring bonus in the amount of $4,500.00.

    c. By failing to provide Plaintiff with stock options or establishing any provisions for earning such options as is customary and was promised.

    d. By failing to provide Plaintiff with his monthly cell phone allowance of $50.00 per month.

    e. By failing to reimburse Plaintiff for his reasonable business expenses.

25. As a result of Defendants' breach of contract, Plaintiff has suffered damages and is entitled to compensation and, pursuant to Section 4.C. of the Contract, payment of costs and reasonable attorneys' fees.

**COUNT TWO:        FAILURE TO PAY WAGES IN VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT (as against all Defendants)**

26. Based on the foregoing, Defendants have failed to pay Plaintiff for all of the compensation to which he is entitled under the CMWA.

27. Specifically, Defendants' failure to pay Plaintiff his salary up until the time he became a commissioned employee violates the provisions of the CMWA, including, but not limited to, Conn. Gen. Stat. § 31-72.

28. Additionally, Defendants' failure to pay Plaintiff minimum wage during the time he was employed violates the CMWA.

29. As a result of Defendants' violation of the CMWA, Plaintiff is entitled to compensation for all compensation earned and owed, plus double damages, attorneys' fees and costs.

**COUNT THREE: VIOLATION OF THE FLSA FOR FAILURE TO PAY MINIMUM WAGE (as against all Defendants)**

30. By failing to provide Plaintiff any compensation whatsoever for the pay period beginning January 7, 2019 through March 20, 2019, Defendants violated the minimum wage provisions of the FLSA.

31. As a result of Defendants' willful failure to pay minimum wage to the Plaintiff, Plaintiff is entitled to damages, plus liquidated damages, attorneys' fees and costs.

**COUNT FOUR: DECLARATORY AND INJUNCTIVE RELIEF (as against all Defendants)**

32. An actual controversy has arisen and now exists between Plaintiff, on the one hand, and Defendants, on the other, concerning the respective rights and duties of the parties.

33. Plaintiff contends that Defendants have breached the parties' contract of employment and have violated state and federal wage and hour law.

34. Plaintiff therefore seeks a declaration of the parties' respective rights and duties under the parties' employment contract and under wage and hour laws and to declare the aforementioned conduct of Defendants as unlawful so that future controversies may be avoided.

35. Plaintiff further seeks an injunction temporarily, preliminarily, and permanently requiring Defendants to immediately come into compliance with state and federal law.

**DEMAND FOR RELIEF**

**WHEREFORE**, Plaintiff seeks Judgment against Defendants and the following relief:

1. Unpaid wages under the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58 *et seq.*

2. Unpaid minimum and overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58 *et seq.*;

3. Contract damages resulting from Defendants' breach of contract;

4. Liquidated damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and double damages under the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58 *et seq.*;

5. Interest;

6. Costs;

7. Injunctive Relief;

8. An award of Attorneys' Fees under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58 *et seq.*;

9. An award of Attorneys' Fees under the January 4, 2019 Contract between Plaintiff and Defendant Oasis;

10. Such other relief as in law or equity may pertain.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Plaintiff, Henry Labalme

By:     */s/ Todd Steigman*
    William G. Madsen (ct09853)
    wmadsen@mppjustice.com
    Todd Steigman (ct26875)
    tsteigman@mppjustice.com
    Claire Howard (ct29654)
    choward@mppjustice.com
    Madsen, Prestley & Parenteau, LLC
    402 Asylum Street
    Hartford, CT 06103
    Tel.: (860) 246-2466
    Fax: (860) 246-1794
    Attorneys for Plaintiff